### DAVIS v. MILLER'S AUCTION ROOMS, Inc.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. TROVER AND CONVERSION (§ 11*)—WHAT CONSTITUTES.

Where plaintiff delivered furniture to a dealer not to be put in his place of business, but to be placed in a storage warehouse, and the dealer wrongfully placed the furniture in his place of business and sold it to defendant; defendant though an innocent purchaser, was guilty of a conversion of the property in reselling it after notice of plaintiff's rights.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 95–98; Dec. Dig. § 11.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. TROVER AND CONVERSION (§ 42\*)—ACTIONS—RIGHTS OF DEFENDANT.**

Where plaintiff delivered furniture to a dealer, who had some claim thereto for unpaid installments, giving it to him to be stored, and the dealer wrongfully sold the property to defendant, the dealer's rights passed to defendant, and, in an action for conversion, defendant is liable only for the value of the furniture above the amount owing the dealer.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 248; Dec. Dig. § 42.\*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Alma Davis against Miller's Auction Rooms, Inc., and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Philip Goldfarb, of New York City (Edward Brody, of New York City, of counsel), for appellant.

Louis Levy, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for $200 as damages for the conversion of certain furniture owned by her. According to her story, the furniture was delivered by her to one Levine, a furniture dealer, for the purpose of having it transported to a storage warehouse. Levine, instead of carrying out plaintiff's instructions, placed it in his own store, where it was sold with other furniture apparently belonging to Levine, or part of his stock, to the defendants, who thereafter, and after notice of plaintiff's claim of ownership, resold the furniture at auction.

[1] The defendants claimed that since the plaintiff gave possession of the furniture to a dealer, with apparent right to sell, the dealer could give good title to an innocent purchaser.

I think that, if plaintiff's story is true, the trial justice correctly held that there was a conversion of plaintiff's property, for which the defendants are liable. The furniture was not delivered to the dealer to be placed in his place of business, but to be placed in a storage warehouse. If he had apparent authority to sell, it was not because he had been given such authority, but because he had wrongfully taken it by holding the property himself, when it was delivered to him only for the specific purpose of storing it.

[2] It seems to me, however, that the judgment should be reversed because upon this record it would appear that the damages awarded are excessive and erroneous. The furniture consisted in part of articles purchased by the plaintiff from her mother, which were worth, according to her testimony, $75 or $80, and in part of furniture purchased by the plaintiff from Levine on the installment plan, for $120, on which she had paid $63. Aside from the fact that there is absolutely no evidence of the value of the furniture at the time of its conversion, except the cost price, it would appear that Levine had some claim on this furniture for the unpaid installments.

---

The defendants seem to have obtained from Levine all his rights to the furniture, and should not be held liable to the plaintiff for more than the value of the articles beyond the rights acquired from Levine.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.